Clifford DAUGHARTY, Petitioner,

v.

Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Salem, Oregon.

Civ. A. No. 7059.

United States District Court, D. Oregon.

July 24, 1953.

**96**

Petitioner pro se.
No appearance for respondent.

**McCOLLOCH, Chief Judge.**

About fifteen years ago the Supreme Court began a series of decisions that greatly broadened habeas corpus. The effect of the decisions was to encourage a segment of the prison population to seek retrial of their cases; this included convicts in state, as well as federal penitentiaries.

An attempt was made, beginning in 1942 and culminating in 1948, to check the swarm of convict cases, by codification of habeas corpus procedure 28 U.S. C.A. §§ 2241–2254, and by the adoption of another form of procedure (applicable only to federal prisoners), requiring the aggrieved person to move in the court where he was tried, rather than in the court of the district where he was confined. 28 U.S.C.A. § 2255.[1]

The District of Oregon has been relatively free of this type of litigation. We have no federal prisons within our boundaries. I presume, however, in view of unsettled conditions at the Oregon State Penitentiary, we may expect more state cases. At present two cases are pending on our docket. This opinion deals with one of them.

A state prisoner may pray action by a federal court, only when he claims imprisonment through violation of *federal* constitutional right *and* after he has exhausted his state remedies; and there are other important limitations on a federal court's right to interfere with a state's administration of its criminal laws. It is beginning to be realized that the trend of the times to loosen bands of authority may not be extended further in the field of crime, that tightening, rather than further slackening of controls of the criminal element is urgently required.[2]

Clifford Daugharty, petitioner here, is confined at the Oregon State Penitentiary. He was convicted, after trial, in the circuit court of Deschutes county, of passing a forged check. He was represented by counsel; he did not take the witness stand. There were no witnesses for the defense.

Petitioner's claims are (1) that he was convicted on a coerced confession (2) on perjured testimony, known by the prosecutor to be perjured.

After examination of the multitude of authorities that has been building up, I conclude that petitioner's claims, at present undenied, make a prima facie case, for federal interposition.

Before proceeding to disposition of the case, one further "historical fact", in Justice Frankfurter's phrase, needs to

1. The applications, state and federal, have continued in great number. The Court of Appeals of this Circuit wrote eight opinions in a recent month in prisoner cases. Six were state cases.

   Generally, for modern developments, see Holtzoff 25 Boston Law Rev. 26 (1945); 61 Harv.Law Rev. 657 (1948).

2. Supreme Court Justice Robert H. Jackson has accepted the chairmanship of an American Bar Association committee to make a study of the mounting crime problem. July 1953 American Bar Association Journal p. 573.

   Under such eminent leadership, the committee's recommendations, when made, may be expected to rank in authority with the leadership provided by Chief Justice Taft thirty years ago. The Chief Justice's famous dictum is still quoted. "The administration of the criminal law in the United States is a disgrace."

 

be related: petitioner applied for habeas corpus in this court, following his arrest, and before trial in 1951. He alleged that a coerced confession had been obtained from him. Chief Judge Fee in an unpublished opinion, Civ. 6226, denied the petition, on the obviously correct ground, that petitioner had not exhausted state remedies.

After conviction and confinement in the state penitentiary, petitioner, who appears to have considerable skill in such matters, applied to the state circuit court in Marion county for release on habeas corpus, on the same grounds he urges here. The state judge dismissed his petition, and petitioner did not appeal, for the reason, he tells us, he did not have the necessary filing fee. Oregon, it may be noted, has never provided for proceedings in forma pauperis.

Decision.

Five obstacles stand in petitioner's way.

First, he did not take the stand at the trial, to challenge the validity of the confession which he claims was coerced, nor did he then make the claim he now makes, that the prosecutor knowingly obtained his conviction on perjured testimony.

Second, he did not move for a new trial after conviction.

Third, he did not appeal the judgment of conviction.

Fourth, he did not appeal the adverse judgment in the state habeas corpus proceeding.

■■ Fifth, had he appealed either the judgment of conviction, or the adverse judgment in the state habeas corpus proceeding, and had the appeal in ei-

ther case resulted adversely to him, before he could come here he must needs apply to the Supreme Court for certiorari.

All of these propositions are supported by the Supreme Court's latest exposition of habeas corpus. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

In short, the state convict's path to the federal district court, there to put the state prosecutor and state judge who convicted and sentenced him, on trial, is hereafter to be "a hard road to hit."

The application is dismissed.[3]

---

3. Enlightened opinions by the Oregon Supreme Court insure adequate remedies to prisoners in the State's courts. Huffman v. Alexander, 197 Or. 283, 251 P.2d 87, 253 P.2d 289. Compare criticism of state practices, Brown v. Allen, 344 U. S. 443, 511, 73 S.Ct. 397, 97 L.Ed. 469.

A committee of the Chief Justices of the State Courts and a committee of Federal Judges, appointed by the Chief Justice of the United States, have been working to iron out the friction that has developed because of interference by Federal judges with State criminal judgments. The recommendations of the committees, which call for legislation, State and Federal, have lately been circulated in mimeograph form by the Honorable Henry P. Chandler, Director of the Administrative Office of the United States Courts.