**UNITED STATES of America ex rel. Donald H. LILYROTH, Petitioner-Appellant,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.**

**No. 11380.**

United States Court of Appeals
Seventh Circuit.

May 25, 1955.

Thomas P. Sullivan, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before FINNEGAN, SWAIN, and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

On October 21, 1954 petitioner filed in the district court a petition for writ of habeas corpus under Title 28 U.S.C.A. § 2241 wherein he challenged the constitutionality of proceedings in the circuit court of Lee county, Illinois on January 4, 1943, which resulted in his conviction of the crime of burglary. This is an ap-

peal from an order of the district court dismissing the petition on respondent's motion.

Petitioner's conviction followed a plea of guilty. He was sentenced to imprisonment for one year to life and, pursuant to that sentence, he was incarcerated in the Illinois state penitentiary at Joliet beginning January 7, 1943. During July, 1949 petitioner was on parole from the Illinois state penitentiary. On July 19, 1949 he was arrested in California for violation of parole. On October 5, 1949 he was placed in the United States penitentiary at McNeil Island, Washington, from which he was released on April 29, 1951 to the sheriff of Pierce county, Washington, for return to Illinois. On May 29, 1952 he was surrendered by the sheriff of Pierce county to Illinois officials who, on June 2, 1952, returned him to the Illinois state penitentiary. The record does not reveal the reasons that petitioner was in the United States penitentiary, or in the custody of the sheriff of Pierce county. Upon his return to the Illinois state penitentiary, he was placed in absolute quarantine for approximately two weeks in the prison diagnostic depot. He was ill during the month of July, 1952 and spent five days in the penitentiary's general hospital. During the third week of July, 1952, he first learned of the Illinois post-conviction hearing act.[1] On December 13, 1952, he filed in the circuit court of Lee county, a motion for leave to file a belated petition under said act, which motion was denied on January 26, 1953. On March 27, 1953 the Illinois Supreme Court denied a writ of error to review the circuit court's action. On May 25, 1953 the United States Supreme Court denied petitioner a writ of certiorari to review this decision. Lilyroth v. People of State of Illinois, 345 U.S. 967, 73 S.Ct. 953, 97 L.Ed. 1385. On September 3, 1953 his petition for a writ of habeas corpus, attacking the original conviction, was denied by the circuit court of Lee county, and on November 10, 1953 the United States Supreme Court refused

certiorari to review that action. Lilyroth v. Ragen, 346 U.S. 902, 74 S.Ct. 230, 98 L.Ed. 402. The Illinois statutory limitation on a writ of *coram nobis* had expired prior to October 21, 1954.

The Illinois Supreme Court, in denying a writ of error on March 27, 1953 to the circuit court of Lee county, said in part:

"Petitioner was convicted in 1943. Under the provisions of the Post Conviction Hearing Act, a petition for relief must be filed within five years from the judgment of conviction or within three years from August 4, 1949, the effective date of the Act, whichever is later. Ill.Rev.Stat. 1951, ch. 38, sec. 826. In petitioner's case, a petition should have been filed on or before August 4, 1952, unless facts were alleged showing that the delay was not due to petitioner's culpable negligence. In seeking leave to file such a petition, petitioner recognized that the period of limitations had expired and attempted to justify his failure to file by an allegation that *he had been outside the state of Illinois from the effective date of the act until June 2, 1952.* The trial court held that this allegation was insufficient to justify the delay. We are of the opinion that the trial court was correct in so ruling. While it might be true that in two months' time, petitioner could not gather all his evidence and prepare for trial, he had ample time in which to file his petition." (Italics supplied for emphasis.)

It is significant that the facts set forth by petitioner in the proceeding in the district court are different from the facts which he presented to the state court as excusing his delay in presenting his petition under the post conviction hearing act.

▮ Respondent contends that petitioner has not exhausted, nor has he excused himself from failure to exhaust,

**1.** Sec. 826–832, Chap. 38, R.S.Ill. 1953.

his remedies under Illinois law. He had a right to seek relief under its post-conviction act during a period of three years from August 4, 1949, the effective date of the act. In other words, his petition should have been filed on or before August 4, 1952 unless facts were alleged showing that the delay was not due to his culpable negligence. Having permitted the three-year period to elapse, he then sought to avail himself of the act by showing that the delay in filing his petition was not due to his culpable negligence. He attempted, unsuccessfully, to sustain this burden by relying upon the fact that he had been outside the state of Illinois from the effective date of the act until June 2, 1952. He did not contend before the Illinois courts that his failure was due to the alleged facts which he later presented in the federal court for the first time. Had he done so, the Illinois courts might have granted him relief. The case which he presents to us is entirely different factually from the case which he presented to the state courts. To present one case to the state courts without success, followed by the presentation of another case to the federal courts, does not meet the requirement that he exhaust his remedies in the state courts before seeking release by habeas corpus in the federal district court.

In Brown v. Allen, 344 U.S. 443, at pages 486, 487, 73 S.Ct. 397, at page 422, 97 L.Ed. 469, where the court was considering a failure, by one day, to meet a state limitation upon a step to be taken in perfecting an appeal, the court said:

"We cannot say that North Carolina's action in refusing review after failure to perfect the case on appeal violates the Federal Constitution. A period of limitation accords with our conception of proper procedure.

"* * * A failure to use a state's available remedy, in the absence of some interference or incapacity * * * bars federal habeas corpus. The statute requires that the applicant exhaust available state remedies. To show that the time has passed for appeal is not enough to empower the Federal District Court to issue the writ."

 Moreover, the question of whether petitioner showed to the Illinois courts that the delay in presenting his petition under the act was not due to his culpable negligence, was one for the sound judicial discretion of the state tribunal passing upon the matter. Under the circumstances the federal courts should not attempt to impugn the exercise of that discretion, especially where the attempt in the federal courts is based upon alleged facts which were not brought to the state court's attention.

We express our appreciation to Mr. Thomas P. Sullivan who, pursuant to our appointment, acted as petitioner's counsel in this court.

The order of the district court is affirmed.