Clifford **DAUGHARTY**, Appellant,

v.

Clarence T. **GLADDEN**, Warden, Oregon State Penitentiary, Appellee.

No. 15672.

United States Court of Appeals Ninth Circuit.

June 20, 1958.

Clifford Daugharty, in pro. per.

Quentin L. Kopp, San Francisco, Cal., for appellant.

Robert Y. Thornton, Atty. Gen., Peter S. Herman, Asst. Atty. Gen., State of Oregon, for appellee.

Before POPE, CHAMBERS, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal by Clifford Daugharty from an order denying his application for a writ of habeas corpus.

In November, 1951, Daugharty was tried and convicted in the circuit court of the state of Oregon for Deschutes county, on a charge of uttering and publishing a forged bank check. He was sentenced to a maximum term of fifteen years in the Oregon state penitentiary, where he is now incarcerated.

This application for a writ of habeas corpus was filed in the United States District Court for the district of Oregon on March 27, 1957.[1] It was denied on

---

1. It is the sixth such application which has been filed in the federal district court. The first application was filed on November 6, 1951, following Daugharty's arrest and before his trial. He sought by this means to obtain a "transfer" of the criminal proceedings from state to federal courts. This application was denied on February 4, 1952, in civil case No. 6226, unreported, on the ground that state remedies had not been exhausted. The second application was filed in 1953. The grounds asserted were conviction upon a coerced confession and upon perjured testimony known by the prosecutor to be perjured. This application was also denied on the ground that state remedies had not been exhausted. Daugharty v. Gladden, D.C., 128 F.Supp. 95.

The third application was filed on June 28, 1954. The grounds asserted were the same as in the 1953 proceeding, and, in addition, that the statute under which he was convicted is, for various reasons, invalid. This application was denied on the day it was filed, in civil case No. 7564, unreported, no reason being stated for the action taken. The fourth application was filed on July 14, 1954. The grounds asserted were the same as in the 1953 proceeding. This application was denied on the day of filing, no reason being stated for the action taken. Civil case No. 7581, unreported.

The fifth application was filed on May 14, 1956. The grounds asserted were the same as in the 1953 proceeding, and, in addition, that applicant was denied the right to confront the witnesses endorsed upon the indictment, and that he was tried and sentenced during the pendency of a habeas corpus proceeding. This ap-

the court's own motion, without issuance of a writ or an order to show cause. This action was taken on the ground that Daugharty had not, as required by 28 U.S.C.A. § 2254, exhausted the remedies available to him in the courts of the state of Oregon. Daugharty v. Gladden, D.C., 150 F.Supp. 887.[2]

Daugharty filed notice of appeal, and appeared in this court in propria persona. A judge of this court granted a certificate of probable cause. After initial briefs were filed in this court, we appointed Quentin L. Kopp, of the San Francisco bar, to represent Daugharty. Supplemental briefs were then filed by both parties prior to oral argument.

The first question presented for determination here is whether the trial court erred in holding that Daugharty had not exhausted his state remedies. The applicable statute is 28 U.S.C.A. § 2254, quoted in the margin.[3]

The following facts,[4] referred to in the opinion of the trial court, provide the basis for its conclusion that Daugharty had not exhausted his state remedies: On December 9, 1954, Daugharty filed an application for a writ of habeas corpus in the circuit court of the state of Oregon for Marion county.[5] The grounds alleged in this application were that the statute under which he was convicted was unconstitutional, and that other

---

plication was denied on July 11, 1956, in civil case No. 8615, unreported, no reason being stated for the action taken. Daugharty appealed to this court. On September 13, 1956, this court denied Daugharty's motions for a certificate of probable cause and for leave to proceed in forma pauperis. Misc. No. 569, unreported. These motions were denied on the ground that an application for a writ of habeas corpus was then pending before the supreme court of Oregon. Daugharty later withdrew his petition for a rehearing, and the appeal was dismissed.

In none of these five cases was an order to show cause issued, or a hearing held.

In addition to these five previous proceedings initiated in the district court for the District of Oregon, Daugharty petitioned a judge of this court, in June, 1956, for leave to file such an application in this court. This motion was denied on June 7, 1956, it being stated that Daugharty's remedy was to file an application in the district court. Misc. No. 535, unreported. Daugharty also filed several such applications in the circuit courts of Oregon. The first of these was filed on October 8, 1951, and was apparently never disposed of. The second was filed on February 16, 1953, and was denied on a date not shown in the record. Two later applications were denied on March 10, 1954, and July 11, 1956, respectively. The supreme court of Oregon was not overlooked. An original application filed by Daugharty in that court was denied on April 4, 1956.

2. In thereafter denying an application for a certificate of probable cause, to enable Daugharty to appeal to this court, the trial court stated, as an additional rea-

son why Daugharty was not entitled to relief, that no federal question was presented in the application for a writ.

3. Section 2254: "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

4. Most of these facts are as alleged in the application and supporting exhibits. There are, however, some variances between the facts as stated in the trial court's opinion, and as alleged in the application. There are also some facts stated in the opinion which have no counterpart in the application. These variances and additions probably reflect additional information obtained by the trial court through examination of the file in the habeas corpus appeal proceeding in the supreme court of Oregon, and in the previous proceedings in the district court. This is appropriate procedure. See Brown v. Allen, 344 U.S. 443, concurring opinion of Justice Frankfurter, at page 503, 73 S.Ct. 397, at page 444, 97 L.Ed. 469.

5. Daugharty had not appealed from his conviction.

rights of the applicant under the Oregon constitution had been abridged during the course of his trial. This application was denied on July 11, 1956.

On July 24, 1956, Daugharty filed a notice of appeal to the supreme court of Oregon. On August 20, 1956, the latter court granted Daugharty's motion to prosecute his appeal in forma pauperis without the payment of filing fees or the posting of an appeal bond. On September 26, 1956, Daugharty filed a motion in the supreme court of Oregon, seeking an order commanding the clerk of the Marion county court to prepare, certify, and deliver to the supreme court of Oregon, without cost to Daugharty, a transcript of record on appeal.[6] This motion was denied on October 3, 1956.

The attorney general of Oregon, on November 21, 1956, filed a motion in the Oregon Supreme Court to dismiss the appeal. On November 25, 1956, Daugharty filed in the United States Supreme Court a petition for a writ of certiorari to review the Oregon Supreme Court order of October 3, 1956. On December 28, 1956, the supreme court of Oregon granted the motion of the state attorney general, and dismissed the appeal. On February 25, 1957, the United States Supreme Court denied the petition for a writ of certiorari filed by Daugharty on November 25, 1956. Daugharty v. Gladden, 352 U.S. 1009, 77 S.Ct. 574, 1 L.Ed. 2d 554.

On these facts, the trial court held that the remedy Daugharty had pursued in the Oregon courts was not adequate, within the meaning of 28 U.S.C.A. § 2254. It was not adequate, the court held, because dismissal of his appeal in the supreme court of Oregon, under the indicated circumstances, deprived Daugharty of the equal protection of the laws, as guaranteed by the Fourteenth Amendment. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891, and Barber v. Gladden, 210 Or. 46, 298 P.2d 986, 309 P.2d 192, were cited as authority for this ruling.

The trial court further held [150 F. Supp. 892], however, that Daugharty had not " 'exhausted the remedies available [to him] in the courts of the State [Oregon]'," within the meaning of § 2254. This was true, the court said, because Daugharty could still obtain a final state court adjudication, without cost to himself, by instituting an original habeas corpus proceeding, in forma pauperis, in the supreme court of Oregon.[7]

■■ If a defendant in state criminal proceedings loses, on the merits, an appeal to the state supreme court, and certiorari is denied, he is not required to seek collateral relief through state habeas corpus proceedings in order to establish exhaustion of state remedies. Brown v. Allen, 344 U.S. 443, 447–449, 73 S.Ct. 397, 97 L.Ed. 469. As stated in that decision, § 2254 does not contemplate repetitious applications to state courts.

6. In this motion, in which Daugharty's poverty was alleged, the documents sought to be obtained in this manner were: (1) Notice of appeal and proof of service of such notice; (2) short transcript which, according to Ore.Rev.Stat., § 19.070(1), consists of a copy of the judgment or decree, copy of notice of appeal with proof of service, and copy of the undertaking on appeal with proof of service; (3) final judgment; (4) transcript of trial; (5) all exhibits; and (6) return to writ of habeas corpus. It will be noted that the documents which would be supplied under item (2) would duplicate those requested under items (1) and (3), except for the undertaking on appeal, which had been excused.

7. In support of this view, the trial court opinion makes reference to Article VII (amended) of the constitution of the state of Oregon, and Oregon Revised Statutes, § 34.365. Article VII provides that the supreme court of Oregon may, in its own discretion, take original jurisdiction in habeas corpus proceedings. Section 34.365 provides that any court of the state of Oregon may authorize the filing of a petition for a writ of habeas corpus without the payment of a filing fee, if satisfactory proof of poverty is presented.

 We think the same rule must also apply where an appeal is dismissed because of the appellant's financial inability to proceed, for this too, constitutes exhaustion of state remedies.[8] We also believe that the same rule applies with regard to any appropriate state proceeding which is pursued. In Brown v. Allen, the remedy exhausted was an appeal from a judgment of conviction in the criminal proceedings. Here, the remedy exhausted was an appeal from an adverse judgment in a habeas corpus proceeding.[9]

 For the reasons stated above, we are not in agreement with the conclusion of the trial court that there has not been exhaustion of state remedies because Daugharty could still institute an original habeas corpus proceeding in the Oregon Supreme Court.[10]

In denying Daugharty's petition for rehearing, the trial court advanced another reason why it must be held that Daugharty did not exhaust his state remedies. The right to apply to the United States Supreme Court for a writ of certiorari, the court stated, was a part of Daugharty's state remedies. He did not apply for such a writ. Failure to pursue this remedy could not now be excused, the court held, merely because

---

8. Robbins v. Green, 1 Cir., 218 F.2d 192; United States v. Fay, 2 Cir., 247 F.2d 662, 665; United States v. Cummings, 2 Cir., 233 F.2d 190; Dolan v. Alvis, 6 Cir., 186 F.2d 586. Appellee's argument that this was not the actual reason the appeal was dismissed will be discussed below.

9. Appellee has not contended that habeas corpus was not an appropriate way of obtaining a state court adjudication of the questions Daugharty raised in his state court application for a writ. We know, too, that the appeal was not dismissed on the ground that the remedy was inappropriate. It may possibly be that, had the Oregon Supreme Court entertained the appeal, it would have affirmed on the ground that the remedy was inappropriate. But we ought not to assume that it would have so determined. See Williams v. Kaiser, 323 U.S. 471, 473, 477, 65 S.Ct. 363, 89 L.Ed. 398; Brown v. Allen, 344 U.S. 443, 503, concurring opinion of Justice Frankfurter, 73 S.Ct. 397, 444, 97 L.Ed. 469.

If this assumption were to be made, however, it would not preclude relief in the federal courts, where the claimed error goes to the very foundation of the proceeding. Brown v. Allen, supra, 344 U.S. 503, 77 S.Ct. 444. In the district court decision here under review, it is stated that Daugharty sought a writ of habeas corpus from the Marion county circuit court on the grounds that the statute under which he was convicted was unconstitutional, "and that other constitutional rights of the plaintiff under the Oregon Constitution had been abridged * * * *" Whether the errors so claimed go to the "very foundation of the proceeding," we are unable to say on this record. But, see White v. Ragen,

324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348.

10. Additional reasons why this ruling of the trial court is not sustainable were suggested by both appellant and appellee. Appellant points out that, as disclosed for the first time in his petition to the trial court for a rehearing, Daugharty *did* file an original application in the supreme court of Oregon for a writ of habeas corpus. The application was denied on April 4, 1956. That application, however, was filed while Daugharty's application in the Marion county circuit court was still pending, and may, for that reason, have been considered premature. Daugharty also calls our attention to a letter, dated October 31, 1956, which he had received from the clerk of the supreme court of Oregon, advising appellant that "there is no way in which this matter can be brought before the court as an original proceeding." This letter, however, was not before the trial court, and is not in the record on this appeal.

Appellee agrees with the trial court that Daugharty did not exhaust his state remedies. He joins with appellant, however, in contending that Daugharty had no further remedy by way of an original proceeding in the Oregon Supreme Court. Appellee states that, as a matter of practice, the supreme court of Oregon does not assume original jurisdiction in habeas corpus. Ex parte Jarman, 57 Or. 387, 112 P. 416, is cited as authority for this statement. Appellee also states that, as a matter of law, it is doubtful that the supreme court of Oregon, even if it had chosen to do so, could have taken original jurisdiction. Ore.Rev.Stat. §§ 34.360(6), 34.370, and 34.710 are cited in support of this statement. We need not decide the merits of either of these contentions.

Daugharty had delayed commencement of this federal proceeding past the time permitted for filing a petition for a writ of certiorari.

While the trial court did not specify the proceeding in which Daugharty should have petitioned for a writ of certiorari, there were apparently only two in which this could have been done. One of these was the original proceeding in the Oregon Supreme Court for a writ of habeas corpus, referred to in footnote 10. Since, however, Daugharty thereafter appealed to the Oregon Supreme Court from the Marion county circuit court denying a similar application, the failure to exhaust the previously-pursued remedy is now unimportant.

We therefore assume that what concerned the trial court was Daugharty's failure to seek certiorari to review the Oregon Supreme Court order of December 28, 1956, dismissing Daugharty's appeal.

■ Ordinarily, application for and denial of a writ of certiorari, following a final state court adjudication of a federal question on the merits, is necessary to establish exhaustion of state remedies, within the meaning of § 2254.[11]

Special circumstances, however, may justify departure from this rule, which is designed to regulate the usual case. Darr v. Burford, supra, page 210. We believe that such circumstances exist in this case. Daugharty petitioned for a writ of certiorari to obtain a review of the Oregon Supreme Court order of October 3, 1956. In this order, that court had denied Daugharty's motion that, because of his poverty, the transcript be supplied without cost to him.

This petition was pending before the Supreme Court when the Oregon Supreme Court ordered dismissal of the appeal on December 28, 1956. Daugharty, unassisted by counsel, unquestionably supposed that the petition for a writ of certiorari already on file with the Supreme Court and undisposed of fulfilled the requirements for exhaustion of state remedies. As a matter of fact, except for the possible question of prematurity, the petition for certiorari then on file did raise, in essence, the same point which could have been raised had another such a petition been filed following dismissal of the appeal.

The Supreme Court, on February 25, 1957, denied the petition for writ of certiorari directed against the October 3, 1956, order. Daugharty v. Gladden, 352 U.S. 1009, 77 S.Ct. 574, 1 L.Ed.2d 554. In our view, the facts just recited constitute special circumstances warranting the conclusion that exhaustion of state remedies did not require Daugharty to file another petition for a writ of certiorari.

In all that is said above with regard to the exhaustion of state remedies, it has been assumed that Daugharty's appeal to the Oregon Supreme Court was dismissed because he had failed, through lack of funds, to provide a required record on appeal. Appellee argues, however, that this is not true. What really happened, appellee contends, is that Daugharty failed to follow prescribed state appellate procedure available to him, and thus abandoned his appeal, thereby requiring its dismissal.

■ The rule which appellee invokes here is that state remedies will not be deemed to have been exhausted if the failure to obtain a final state adjudication was due to inexcusable nonconformity with state procedural requirements.[12]

11. White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572. This rule was not changed by the enactment of § 2254 as a part of the 1948 recodification of the Judicial Code. Darr v. Burford, 339 U.S. 200, 210–214, 70 S.Ct. 587, 94 L. Ed. 761. Nor may the requirement be circumvented by delaying the application to the federal court for a writ of habeas corpus past the time for applying to the United States Supreme Court for a writ of certiorari as to the state habeas corpus decision. Dickson v. Castle, 9 Cir., 244 F.2d 665, 667.

12. See Brown v. Allen, 344 U.S. 443, 486, 73 S.Ct. 397, 97 L.Ed. 469.

The Oregon procedural requirement which Daugharty did not fulfill, according to appellee, is that an appellant must resist a motion made to dismiss his appeal, or he will be deemed to have abandoned the appeal. Appellee's motion in the Oregon Supreme Court to dismiss Daugharty's appeal was made on November 21, 1956. This motion was made on the ground that Daugharty had not filed a transcript consisting of a certified copy of the judgment appealed from and a certified copy of the notice of appeal, including certificate of service.

Appellee argues, citing Ore.Rev.Stat. § 19.030(3), that, upon being served with this motion, Daugharty was required to (a) resist the motion, (b) present to the appellate court good cause for his failure to file the transcript, (c) seek permission to file the same, and (d) file the transcript within thirty days; or (e) seek to be otherwise relieved from the requirement of filing the transcript. Daugharty took no such action after the motion to dismiss was filed. After awaiting the expiration of thirty days (as required by the above statute), the supreme court of Oregon dismissed the appeal.

Under the facts of this case, it would have been futile for Daugharty to take any of these steps, for he had already been denied similar relief. Nearly two months before appellee moved in the Oregon Supreme Court to dismiss Daugharty's appeal for failure to file a transcript, Daugharty had moved in that court for an order requiring that the transcript and other documents be supplied without expense to him. That mo-

tion had been denied on October 3, 1956. When appellee filed his motion to dismiss, he therefore knew that the reason Daugharty had not filed the transcript was that he could not pay the necessary fee. Appellee also knew that Daugharty had been denied the request to have the transcript supplied at public expense.

It must therefore have been appellee's position at that time that inability of an appellant in a habeas corpus proceeding to pay for a required transcript necessitated dismissal of an appeal. The order granting the motion under these circumstances implies a similar judicial determination. We will at least so assume, in the absence of anything in the record to indicate that the appeal was dismissed on the ground that Daugharty had abandoned it.

For the reasons indicated, we cannot, on this record, hold that the appeal was dismissed because of inexcusable nonconformity with state procedural requirements.[13]

Appellee also argues, however, that Daugharty's state remedies were not exhausted, because the federal questions which he now raises were not presented for determination in the state court proceeding.

We agree that state remedies are not exhausted with respect to a question not presented for adjudication in an available state court proceeding. See United States v. Ragen, 7 Cir., 222 F.2d 654, 656.

As redefined in his supplemental brief on appeal, Daugharty argues that two federal questions involving the state

---

13. Appellee now tells us, in his supplemental brief, that, as a legal matter, the transcript is no longer a jurisdictional requirement. In support of this statement, Wills v. Wills, 203 Or. 479, 280 P.2d 410, is cited. Appellee further states: "As a *practical* matter the appellate court does not need the transcript in a case *where the pleadings raise a question of law only* since the very same documents contained in the transcript are contained in the judgment roll transmitted to the Supreme Court by the clerk of the lower court, the judgment roll including 'all

of the original papers on file in the case': Rule 3, Rules of the Supreme Court of the State of Oregon (set forth in 203 Or. at page 713)."

This seems to be almost a concession that the appeal was improvidently dismissed. If the Oregon Supreme Court already had the documents which would have been contained in a short transcript, it is difficult to understand why appellee moved to dismiss the appeal because Daugharty did not supply such a transcript, and why such a motion was granted.

court proceedings are presented for determination in this federal habeas corpus proceeding: (1) Did the dismissal of his state court appeal, because of his financial inability to supply an appellate transcript, deprive Daugharty of the equal protection of the laws, as guaranteed by the Fourteenth Amendment? (2) In the Oregon court proceedings, was he deprived of counsel in violation of the Sixth and Fourteenth Amendments?

■ The record indicates that at least the first of these two questions was presented for adjudication in the state court. In moving the Oregon Supreme Court for an order requiring that a transcript be supplied without expense to him, Daugharty called attention to his inability to pay for such a record. This provided that court with all of the facts necessary to give application to the constitutional principle upon which appellant relies. It is this circumstance which distinguishes the case before us from United States v. Ragen, supra, relied upon by appellee. There, the facts on which the federal question was predicated in the federal habeas corpus proceeding had never been submitted to the state court.

■ We take it that, if a defendant in a state court criminal proceeding contended there that his confession had been coerced, or that perjured testimony had been knowingly used, this would sufficiently raise the constitutional question, in so far as the concept of exhaustion of state remedies is concerned. It would be unnecessary for him to cite to the state court book and verse on the federal constitution. Likewise here, the state court having been presented with all the operative facts giving rise to the asserted constitutional principle, exhaustion of state remedies is not to be denied be-

cause the Fourteenth Amendment was not specifically mentioned.

We therefore conclude that, with regard to the question of whether the dismissal of Daugharty's state appeal deprived him of the equal protection of the laws, he has exhausted his state remedies, within the meaning of § 2254.[14]

This question, however, was not raised in Daugharty's application for a writ of habeas corpus, filed in the district court. It was presented here for the first time in the supplemental brief filed for Daugharty by counsel appointed for him by this court. Appellant is therefore asking us to reverse the district court judgment on a ground not presented to, and ruled upon by, the trial court.[15]

■ The general rule is that an appellant cannot urge, as a ground for reversal, a theory which he did not present while the case was before the trial court. Inman-Poulsen Lumber Co. v. Commissioner of Internal Revenue, 9 Cir., 219 F.2d 159. This rule may be departed from, however, where necessary to prevent a manifest miscarriage of justice.

■ Ever since he was convicted and sentenced in 1951, Daugharty has been trying to obtain an adjudication of his contention that he is being held in custody under a void judgment. He instituted six proceedings in the federal district court, at least five proceedings in state courts, and one proceeding in this court. In none of these cases, in so far as we are advised, did he have the assistance of counsel. In none of them, in so far as we are advised, was he accorded a hearing. In none of them, except possibly in his early state trial court habeas corpus proceeding, were any of his contentions adjudicated on the merits. He has never obtained an appellate adjudication on the merits.

14. In view of the disposition we make of this case, as hereinafter indicated, it is not necessary to determine whether the second question appellant now raises (deprivation of counsel) was presented for adjudication in the state court.

15. We raise this point on our own motion. Appellee has not asked us to affirm because the question was not raised in the trial court.

Were we to affirm on this ground now, Daugharty would be required to start all over again in the state or federal trial court. This could well mean that he would obtain no adjudication on the merits before he has served substantially all of his prison sentence.

In view of these circumstances, and assuming for present purposes that appellant's equal protection contention is meritorious, we believe that it would be a manifest miscarriage of justice to affirm because of the failure to raise the question in the trial court.

Two courses are therefore available to us. We can remand the proceeding for initial determination of the equal protection question in the trial court, or we can decide the question here.

If we remand the case to the trial court, it is almost inevitable that there will be another appeal by one party or the other, necessitating further delay in obtaining a final adjudication. On the other hand, all of the facts which must be considered in deciding the question are now before us. In addition, we have the benefit of the trial court's views on the precise legal question involved. In dealing with the problem of exhaustion of state remedies, the district court ably reviewed the authorities and held, in effect, that dismissal of Daugharty's appeal in the state habeas corpus proceeding deprived him of the equal protection of the laws.

For the reasons indicated, we will proceed to a determination of the question at this time.

In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, it was held that, where a state accords defendants in state criminal proceedings a right of appellate review, such right may not be denied to poor persons because of their financial inability to provide a required transcript. Thus invoking the equal protection clause of the Fourteenth Amendment, the Supreme Court vacated a judgment of the Illinois Supreme Court affirming a judgment of dismissal in post-conviction proceedings. The proceedings were remanded to that court for further action not inconsistent with the decision of the Supreme Court.

In Griffin, the question involved the supplying of a required transcript in an appeal from a judgment of conviction, brought to review asserted errors of law committed at the trial. Here the question involves the supplying of a required transcript on appeal in a habeas corpus proceeding, in which it is claimed that there were violations of constitutional rights under the Oregon constitution which rendered the judgment of conviction void.

The Oregon Supreme Court has held that the Griffin rule applies regardless of such a distinction in the nature of the proceedings. In Barber v. Gladden, 210 Or. 46, 298 P.2d 986, 990, 309 P.2d 192, it was held, applying the rule of Griffin, that a statute which requires an applicant for a writ of habeas corpus to file an undertaking on appeal, in order to obtain an appellate review, is unconstitutional as applied to an indigent person, thus requiring waiver of the statutory requirement.[16] The principle thus announced, there applied with reference to the supplying of an appeal bond, would

---

16. The court said:

"If a pauper who appeals to a state supreme court from alleged ordinary non-constitutional errors of law is entitled, under the Equal Protection Clause, to such assistance as will make possible the fair presentation of his case, then surely the United States Supreme Court would hold that a pauper who claims that he is imprisoned under a void judgment would be entitled under the same clause to the waiver of the requirement of a bond for costs if such waiver is necessary to the presentation of his ap-

peal. It may be that a distinction will be suggested between the two cases, because Griffin v. People of State of Illinois was a criminal appeal whereas Barber's appeal is in a civil action for habeas corpus. But the argument cuts the wrong way. To be sure, habeas corpus is in form a civil proceeding, but it is one based upon provisions of the Oregon Constitution. Its function, as applied to persons imprisoned for crime, is to afford relief from confinement under a void judgment, a wrong which transcends in seriousness mere errors of law at a trial."

seem to have equal application with regard to the furnishing of a required transcript.

We agree with this view where, as in this case, inability to furnish a required bond or transcript is all that stands in the way of an otherwise appropriate and properly perfected appeal. The indigency of an appellant in such a proceeding ought not to deprive him of a right to appeal which the state purports to accord to all of its citizens.[17]

It is therefore our opinion that the dismissal of Daugharty's appeal to the supreme court of Oregon, under the indicated circumstances, deprived him of the equal protection of the laws, as guaranteed by the Fourteenth Amendment.

We are always reluctant to bring the processes of this court into collision with those of a state court. We are constrained to believe, however, that no such collision is really involved here, since our decision is in strict accord with this recent judicial pronouncement of the state court in question. Moreover, the effect of our decision is not to supplant the adjudicatory processes of the state. We hold only that those state processes ought to be made available to the rich and poor alike.

The judgment is reversed and the cause is remanded to the district court, with instructions to enter such orders as may be appropriate to allow Oregon a reasonable time within which to take further proceedings not inconsistent with this opinion, failing which appellant shall be discharged.

We express our appreciation to Mr. Quentin L. Kopp, who, pursuant to our appointment, acted as appellant's counsel in this court.

17. On the other hand, if there is something about the appeal which, under state judicial practice, would call for dismissal without regard to financial inability to perfect the appeal, there is no constitutional requirement that a bond or fees be waived, or that a transcript be supplied at public expense. Thus, if an appeal by an indigent person in such a proceeding is, under state practice, subject to dismissal because not timely filed, or because the questions raised may not, under state practice, be presented in habeas corpus proceedings, or because the appeal only renews questions already adjudicated in prior proceedings, such an appellant has no constitutional right to the waiver of fees or bond, or the supplying of a transcript at public expense.