323 F.2d 653
 UNITED STATES of America ex rel. Ora Lee ROGERS, Appellant,
v.
The Honorable James H. DAVIS, Governor of the State of
Louisiana, and Victor G. Walker, Warden of the
Louisiana State Penitentiary, Appellees.
 No. 20436.
 United States Court of Appeals Fifth Circuit.
 Oct. 25, 1963.
 
 Ernest N. Morial, Nils R. Douglas, New Orleans, La., for appellant.
 Louis O. Fusilier, Ville Platte, La., Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., for appellees.
 Before RIVES and JONES, Circuit Judges, and DAWKINS, District Judge.
 PER CURIAM.
 
 
 1
 This appeal is from the denial, without a plenary hearing, of a petition for a writ of habeas corpus.
 
 
 2
 Appellant, a Negro under a death sentence for murder imposed by the State District Court for Evangeline Parish, Louisiana, alleged that his conviction was unconstitutionally obtained because for many years Negroes had been systematically excluded from jury venires and particularly from the grand jury which indicted him and the petit jury which convicted him. The District Court dismissed appellant's application upon the ground that he had not exhausted all of his State remedies, particularly under the Louisiana Habeas Corpus Statute, LSA-R.S. 15:113-15:141.
 
 
 3
 Appellant's contention as here made was presented, passed upon, and found adversely to him, both by the State trial court and the State Supreme Court. State v. Rogers, 241 La. 841, 132 So.2d 819 at 843-845. An application for certiorari to the United States Supreme Court was denied. 370 U.S. 963, 82 S.Ct. 1589, 8 L.Ed.2d 830.
 
 
 4
 It is now firmly settled that, before bringing a federal habeas corpus action, a convicted state prisoner need not repetitiously seek relief from the State where the same federal constitutional issues already have been decided against his contentions by the State Courts. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Whitus v. Balkcom, 299 F.2d 844 (C.A. 5, 1962), reversed, per curiam 370 U.S. 728, 82 S.Ct. 1575, 8 L.Ed.2d 803 (1962); Daugharty v. Gladden, 257 F.2d 750, 754 (C.A. 9, 1958).
 
 
 5
 The judgment of the District Court is reversed and matter is remanded for a hearing on the merits of the petition for habeas corpus.
 
 
 6
 Reversed and remanded.