**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL DAVIS,
   *Petitioner-Appellant,*

v.

J. SILVA,
   *Respondent-Appellee.*

No. 05-16821

D.C. No.
CV 04-0236 GEB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted
September 27, 2007—San Francisco, California

Filed January 2, 2008

Before: John R. Gibson,* A. Wallace Tashima, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Tashima

---

*The Honorable John R. Gibson, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

## COUNSEL

Krista Hart, Sacramento, California, for the petitioner-appellant.

Heather M. Armstrong, Deputy Attorney General of the State of California, Sacramento, California, for the respondent-appellee.

## OPINION

TASHIMA, Circuit Judge:

Petitioner Michael Davis appeals the district court's dismissal of his habeas corpus petition for failure to exhaust. In the underlying claim, Davis complains that, during a prison disciplinary hearing resulting in the revocation of good-time credit, his due process right to call a witness was violated. Respondent Warden J. Silva (the "State") contends that Davis' claim is unexhausted because he failed to provide the California Supreme Court with a sufficient factual basis for his federal claim. We reverse the district court, holding that Davis did exhaust the factual basis for his claim because he presented to the state court all the facts necessary to give application to the constitutional principle upon which he relies.

## JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

## BACKGROUND

Michael Davis is a California state prisoner serving a nine-year sentence for second degree burglary. While in prison, he allegedly committed a battery against a prison staff employee.[1]

---

[1]The prison employee recounted the alleged assault this way:

Inmate Davis . . . assigned in the Culinary as a Cart Maintenance, reported to work at approximately 0630 hours. I noticed Inmate

A prison disciplinary hearing was convened. Davis was found guilty of battery of a staff member and was assessed a 150-day forfeiture of good-time credit. Davis filed a *pro se* petition for a writ of habeas corpus in the California Supreme Court, challenging the constitutionality of the forfeiture.

For purposes of this appeal, the relevant sections of Davis' form petition state:

> Petitioner was denied his due process rights under Wolff v. McDonnell, [1974] 418 U.S. 539 Penal Code Section 2932 subdivision [A][3] and Title 15, Cal. Admin, Code Section 3315[E] to have witness.
>
> On or about 1-23-02 notice was received that the above petitioner violation of section 4501.5 of the Penal Code was accepted by the District Attorney Office in Case No SF 08-3942A. In the Superior Court of California County of San Joaquin [209] 468-2730, and then on the following date. 03-06-02 that case was dismissed interest of justice by the DA office, the petitioner filed a great white writ of habeas corpus, on February 13, 2002 in case No. SF083969A see all exhibits that was given to the court on the following date May 31, 2002 Supreme Court of California and exhibits. Also see California Rules of Court and Title 15, Cal. Admin. Code Section 3315[D] and 3318[B] and the Due Process Clauses of State and Federal Constitutions.

---

Davis on the Grill cooking. I went to Inmate Davis and told him to remove his food items from the grill, because he is not assigned as Cook. Therefore, he can not be cooking. Inmate Davis then stated, "Fuck that I'm getting my shit cooked." I then responded, "No your [sic] not." After ordering Davis to remove his food, he grabbed it[,] crunched it up and threw it back on the grill. He then took several steps back. On the table, that was used to hold pans, was a 6 inch 'Hotel Pan' used for Oil (Cooking Oil). Inmate Davis hit it off the table in my direction. I blocked it with my "Left" hand. Oil splashed on my arm and shirt.

In another section of the petition, Davis alerted the California Supreme Court that he was appealing from a lower court, stating that the issue raised below was:

> The Due Process Clauses of the State and Federal Wolff v. McDonnell, [1974] 418 U.S. 539 Penal Code Section 2932 Sub A-3 Title 15 Cal.Admin.Code Sect 3315 E Title 15, Cal.Admin, Code Section 3315(d)-3318(b).

Finally, Davis sent to the California Supreme Court a document he titled "Order to Show Cause and Temporary Restraining Order," which states that the "petitioner is being denied his due process rights under Wolff v. McDonnell, [1974] 418 U.S. 539 . . . ." The California Supreme Court summarily denied his petition.

Davis then filed a *pro se* federal petition for a writ of habeas corpus, which the State moved to dismiss for failure to exhaust. It argued that "Davis did not provide the California Supreme Court even one factual statement." The magistrate judge agreed, reasoning that Davis failed to raise the factual basis for his claim, and recommended that the district court dismiss the petition for failure to exhaust. The district court adopted the magistrate judge's findings in full and dismissed the petition. Davis, still acting *pro se*, timely appealed, and we now reverse.[2]

## STANDARD OF REVIEW

We review a district court's denial of habeas corpus relief de novo. *Lambright v. Schriro*, 490 F.3d 1103, 1113-14 (9th Cir. 2007).

---

[2]After the completion of briefing, we appointed counsel and ordered supplemental briefing.

## DISCUSSION

**[1]** The exhaustion doctrine, as codified by the Antiterrorism and Effective Death Penalty Act of 1996, provides that habeas relief must be denied if the petitioner has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("Federal petitions for habeas corpus may be granted only after avenues of relief have been exhausted."). Exhaustion requires that a petitioner "fairly present[ ]" his federal claims to the highest state court available. *Weaver v. Thompson*, 197 F.3d 359, 365 (9th Cir. 1999); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.*"* (emphasis in original)). Fair presentation requires that the petitioner "describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

**[2]** The State concedes that Davis fairly presented the legal basis of his claim, in that Davis' petition included a reference to a specific federal constitutional guarantee, but it contends, and the district court agreed, that Davis failed to exhaust the factual basis of his claim. Exhaustion, however, does not require that a "habeas petitioner . . . present to the state courts *every piece of evidence* supporting his federal claims in order to satisfy the exhaustion requirement." *Chacon v. Wood*, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994), *superseded on other*

*grounds by* 28 U.S.C. § 2253(c) (emphasis in original). Rather, to exhaust the factual basis of the claim, the petitioner must only provide the state court with the operative facts, that is, "all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)); *see also* Randy Hertz & James S. Liebman, *Federal Habeas Practice and Procedure* § 23.3c, at 1090 (2005) (same).[3]

[3] Here, Davis relies on the constitutional principle that due process demands that an inmate facing a disciplinary proceeding have the right to call witnesses. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). The question before us then is whether Davis' state habeas petition provided the California Supreme Court with all the facts necessary to give application to this principle. Bearing in mind that "petitions must be read in context and understood based on the particular words used," *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc), and, that "pro se [habeas] petitions are held to a more lenient standard than counseled petitions," *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003),[4] we hold that

---

[3]In *Daugharty*, for example, the petitioner argued before this Circuit that the Oregon Supreme Court deprived him of the equal protection of the laws when it dismissed his appeal because of his financial inability to pay for an appellate transcript. 257 F.2d at 758. We reasoned that the petitioner exhausted the factual basis of his claim by moving the state supreme court for an order requiring that a transcript be supplied without expense stating that such a motion "called attention to his inability to pay for a [transcript]." *Id.* The petitioner in *Daugharty* did not provide copious or even thorough facts; he provided just enough facts to apply the constitutional principle—that dismissing his lawsuit for lack of ability to pay court fees deprived him of the equal protection of the laws.

[4]In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to "trap the unwary *pro se* prisoner." *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, "however inartfully pleaded." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Davis' state habeas petition provided the state court with sufficient facts to apply the constitutional principle upon which Davis relies.

Although Davis does not present a clear narrative, his state habeas petition explicitly states that he "was denied his due process rights under *Wolff* . . . to a witness," cites a case, a statute, and a regulation, and notes that he was charged with the battery of a noninmate. By simply cite checking Davis' petition, the state court would have had all the facts necessary to give application to the constitutional principle: he was charged with assaulting a nonprisoner, a disciplinary hearing took place to deny him good-time credits, and at that hearing, he was denied a witness in violation of his due process rights under *Wolff*.

Davis' state habeas petition mentions that he had received notice of a "violation of section 4501.5 of the Penal Code." Section 4501.5 of the California Penal Code provides that "[e]very person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony and shall be imprisoned in the state prison for two, three, or four years, to be served consecutively." Cal. Penal Code § 4501.5 (West 2000). His petition, therefore, makes it plain that he was charged with "commit[ing] a battery upon" someone who was not himself an inmate.

Davis also cites California Penal Code § 2932, which governs the denial of good-time credits. It provides, among other things, the number of days of credit an inmate loses for engaging in certain proscribed acts. *E.g.*, Cal. Penal Code § 2932(a)(2) ("Not more than 180 days of credit may be denied or lost for a single act of misconduct, except as specified in paragraph (1), which could be prosecuted as a felony whether or not prosecution is undertaken."). It also sets out the procedure by which good-time credits may be revoked and includes enumerated rights that inmates have in such a

proceeding—including the right to call a witness. *Id.* § 2932(c)(3) ("The prisoner may request witnesses to attend the hearing and they shall be called unless the person conducting the hearing has specific reasons to deny this request. The specific reasons shall be set forth in writing and a copy of the document shall be presented to the prisoner.").

As previously mentioned, Davis' petition also refers to *Wolff v. McDonnell*, which holds that when a person already in state custody faces a disciplinary proceeding resulting in the loss of good-time credit or imposition of solitary confinement, procedural due process demands that the inmate "be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566.

Finally, Davis cites the California Code of Regulations, title 15, § 3315, which sets forth regulations for inmate misconduct and describes the disciplinary proceedings to determine whether rule violations occurred. Cal. Code Regs., tit. 15, § 3315. It classifies the "use of force or violence against another person" as a "serious rule violation." *Id.* § 3315(a)(2)(A). Section 3315(e), one of the subsections specifically cited by Davis, is the state regulation pertaining to the calling of witnesses at a disciplinary hearing.

**[4]** The conclusion that Davis failed to exhaust is plausible only if the petition is construed without referring to the sources cited by the petitioner. The State contends that under the Supreme Court's decision in *Baldwin v. Reese*, 541 U.S. 27 (2004), federal claims in habeas petitions are not "fairly presented" if the state court must read the statutes, cases, and regulations cited in the petition in order to understand the claim. *Baldwin*, in fact, suggests just the opposite, as it holds that a legal theory is fairly presented when a citation is provided to the relevant case law. *See, e.g., id.* at 32 ("A litigant wishing to raise a federal issue can easily indicate the federal

law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' "); *see also Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (stating that the petitioner makes the federal basis of his claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law). Thus, by reiterating that a federal habeas petitioner exhausts the legal basis of his claim by citing federal case law, the Court recognized that state courts are expected to refer to sources cited by the petitioner.

**[5]** Thus, Davis presented the California Supreme Court with all "the facts necessary to state a claim for relief." *Gray*, 518 U.S. at 162-63. First, Davis stated that he "was denied his due process rights under *Wolff* . . . to have witness [sic.]." Second, he stated that he was charged with battery of a noninmate. And, third, if the state court had simply cite checked the case, the statute, and the regulation provided in Davis' petition, and read those sources in conjunction with the rest of his state habeas petition, the legal theory and operative facts would have become clear: Davis was charged with assaulting a nonprisoner, a disciplinary hearing took place to deny him good-time credits, and, at that hearing, he was denied a witness in violation of his due process rights under *Wolff*. *Compare Baldwin*, 541 U.S. at 33 (holding a petition unexhausted because the "petition provides no citation of any case that might have alerted the court to the alleged federal nature of the claim. And the petition does not contain a factual description supporting the claim." (citations omitted)).

## CONCLUSION

**[6]** By reading Davis' *pro se* state petition generously, as Circuit precedent demands, and by checking the sources cited in his petition, as the logic of Supreme Court precedent dictates, the legal theory and factual basis of Davis' state petition

is clear — he alleged that he was denied his due process at a prison disciplinary hearing that led to revocation of good-time credit. Because the legal theory and operative facts were "fairly presented" to the California Supreme Court, Davis factually, as well as legally, exhausted his claim.

**REVERSED and REMANDED.**