Jamil HOWARD, Petitioner—Appellant,

v.

Roseanne CAMPBELL, Respondent—Appellee.

No. 07–16917.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Dec. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Charles Marchand Bonneau, II, Esquire, Sacramento, CA, for Petitioner–Appellant.

Judy Kaida, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, Respondent–Appellee.

Before: B. FLETCHER, McKEOWN, and GORSUCH,* Circuit Judges.

MEMORANDUM **

Jamil Howard appeals the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. Because Mr. Howard is a state prisoner, we may not disturb his confinement unless the California courts' resolution of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

---

* The Honorable Neil M. Gorsuch, United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

unless their factual findings were unreasonable in light of the evidence. 28 U.S.C. § 2254(d). Applying this standard, we affirm.

■ Mr. Howard argues that the prosecutor's closing arguments "so infected [his] trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). To prevail in such a claim, Mr. Howard must show a "reasonable likelihood" that the jury based its verdict on the prosecutor's misstatements. *Brown v. Payton,* 544 U.S. 133, 143–44, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005) (internal citation omitted); *Boyde v. California,* 494 U.S. 370, 380–81 & n. 4, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990).

Most of the prosecutor's statements Mr. Howard wishes to challenge, however, were not objected to at trial. We have held that failure to comply with California's contemporaneous objection rule results in a procedural default of a prosecutorial misconduct claim. *Rich v. Calderon,* 187 F.3d 1064, 1069–70 (9th Cir.1999). Because the state's procedural default rule would require the same result whether or not the federal claim were meritorious, it is an adequate and independent ground supporting the judgment that bars federal habeas relief. *Coleman v. Thompson,* 501 U.S. 722, 729–32, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The only statement to which Mr. Howard contemporaneously objected was the prosecutor's erroneous suggestion that if the jury concluded Mr. Howard had committed reckless driving, it must *a fortiori* convict him of murder.[1] As California's Third District Court of Appeal properly held, however, any prejudice caused by the prosecutor was cured by the trial court's prompt corrective action. Immediately after the prosecutor misstated the law, Mr. Howard's counsel objected, and the court sustained the objection. After a recess, the judge went a step further, issuing a curative instruction (to which Mr. Howard offered no objection) correctly explaining the difference between the mental states required for the two offenses. *Id.* at 14. In addition, the court's jury instructions admonished the jury that the arguments of counsel are not authoritative, *id.* at 26, and the Supreme Court has cautioned that jurors should not be presumed to be easily

---

1. The prosecutor's confusion apparently stemmed from the similarity between the *mens rea* requirements for the greater and lesser offenses with which Mr. Howard was charged. In California, a defendant can be convicted of murder on a theory of implied malice when he acts "with conscious disregard of [a] danger to *human life." People v. Knoller,* 41 Cal.4th 139, 59 Cal.Rptr.3d 157, 158 P.3d 731, 741 (2007) (emphasis added); *see also* Cal.Penal Code § 188; *People v. Watson,* 30 Cal.3d 290, 179 Cal.Rptr. 43, 637 P.2d 279, 283, 285 (1981). By contrast, vehicular manslaughter with gross negligence requires only an *objective* risk to human life plus unlawful driving. Cal.Penal Code § 192(c); *Watson,* 179 Cal.Rptr. 43, 637 P.2d at 283. In Mr. Howard's case, the government sought to establish unlawful driving by proving that his conduct amounted to the offense of reckless driving, which is defined as operating a vehicle "in willful or wanton disregard *for the safety of persons or property."* Cal. Veh.Code § 23103(a) (emphasis added). The result is that the difference between murder and manslaughter turned on how Mr. Howard subjectively perceived the risk he created: if he ignored a known risk to life, he committed murder; if he ignored only a perceived risk to safety or property, he committed manslaughter. Though Mr. Howard's briefs attempt to challenge the clarity of this distinction, along with the jury instructions that explained it, the district court's Certificate of Appealability does not comprise that issue, so we lack jurisdiction to consider it. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

confused into thinking they should rely on counsel's explanation of the law instead of the court's instructions. *Boyde,* 494 U.S. at 384–85, 110 S.Ct. 1190. In short, the prosecutor's remark "was but one moment in an extended trial and was followed by specific disapproving instructions." *Donnelly,* 416 U.S. at 645, 94 S.Ct. 1868. In view of the entire record, *see id.* at 643, 94 S.Ct. 1868, it did not deprive Mr. Howard of a fair trial.

■ Mr. Howard also claims that his lawyer's failure to investigate fully and present evidence of his attention deficit hyperactivity disorder ("ADHD") constituted constitutionally ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). But the district court concluded that Mr. Howard failed to exhaust his state remedies with respect to this claim as 28 U.S.C. § 2254(b)(1)(A) requires. The district court noted that the California Supreme Court dismissed Mr. Howard's claim with a citation to *Ex parte Swain,* 34 Cal.2d 300, 209 P.2d 793 (1949), and *People v. Duvall,* 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995). In California, a *Swain/Duvall* dismissal affords the petitioner the opportunity to refile an amended pleading that "allege[s] with sufficient particularity the facts warranting habeas relief." *King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003), *abrogated on other grounds by Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006), *as recognized by Waldrip v. Hall,* 548 F.3d 729 (9th Cir.2008). Mr. Howard's failure to do this renders his claim unexhausted.

■ Nevertheless, the district court proceeded to exercise its discretion to dismiss the unexhausted claim as non-colorable, 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart,* 406 F.3d 614, 623–24 (9th Cir. 2005), and we affirm that dismissal. A lawyer's informed decision not to present medical evidence at trial for valid strategic reasons is "virtually unchallengeable." *Cacoperdo v. Demosthenes,* 37 F.3d 504, 508 (9th Cir.1994) (quoting *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052); *see also Siripongs v. Calderon,* 133 F.3d 732, 734 (9th Cir.1998). It appears from the record that Mr. Howard's lawyer indeed began an investigation into his client's ADHD early on in the case. Counsel's decision not to pursue the subject is adequately justified by the double-edged nature of the ADHD evidence: had counsel presented evidence of this disorder, the prosecutor could have, and expressly indicated that he would have, countered with evidence of Mr. Howard's antisocial personality, evidence that Mr. Howard acknowledges could have been damaging. It is not our task to reexamine the wisdom of taking (or not) a calculated risk at trial; counsel's election to avoid such a risk does not amount to ineffective assistance.

**AFFIRMED.**