Samuel **MILLAN**, Petitioner,

v.

John **MARSHAL**, Warden, Respondent.

Case No. CV 09–0740–JFW(RC).

United States District Court,
C.D. California.

Nov. 28, 2009.

Samuel Millan, San Luis Obispo, CA, pro se.

Amanda Lloyd, CAAG–Office of The Attorney General, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JOHN F. WALTER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's request to withdraw his petition, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) respondent's motion to dismiss the habeas corpus petition is granted, and Judgment shall be entered dismissing the petition without prejudice.

This Court finds the appeal is not taken in good faith, and petitioner has not made a substantial showing that he has been denied a constitutional right and that this Court was not correct in its procedural rulings, for the reasons set forth in the Report and Recommendation. Accordingly, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R.App. P. 22(b). *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *Jones v. Smith*, 231 F.3d 1227, 1231–32 (9th Cir.2001).

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Magistrate Judge's Report and Recommendation by the United States mail on petitioner.

## JUDGMENT

IT IS ADJUDGED that the petition for writ of habeas corpus is dismissed without prejudice.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On May 28, 1986, in Los Angeles County Superior Court case no. A767542, petitioner Samuel Millan pleaded guilty to, and was convicted of, one count of second degree murder in violation of California Penal Code § 187. Petition at 2; Lodgment no. 5, Exh. E. On the same date, petitioner was sentenced to 16 years to life in state prison. *Ibid.* The petitioner did not appeal his conviction or sentence. Petition at 2.

On December 6, 2005, a panel of the Board of Parole Hearings ("Board") conducted a parole suitability hearing for petitioner, and denied petitioner parole for two years, effective April 5, 2006.[1] Lodgment no. 1.

On May 31, 2006, petitioner filed a habeas corpus petition in the Los Angeles County Superior Court challenging the Board's decision, and on June 22, 2007, the Superior Court denied the petition. Attachment to Petition; Lodgment no. 2. On August 13, 2007, petitioner filed a habeas corpus petition in the California Court of Appeal challenging the Board's decision, and on November 6, 2007, the Court of Appeal denied the petition. Lodgment nos. 3–4. Finally, on November 26, 2007, petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on May 14, 2008, with

citation to *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995). Lodgment nos. 5–6.

### II

On January 30, 2009, petitioner, proceeding pro se, filed the pending habeas corpus petition under 28 U.S.C. § 2254 challenging the Board's decision denying him parole following a parole suitability hearing on December 6, 2005.[2] The habeas petition raises the following claims: (1) "[U]nlawful detention ... primarily based on the commitment offense. Petitioner claims he has met all the requirements for a finding of [parole] suitability ..."; and (2) "Violation of Petitioner's plea agreement...." Petition at 5. On September 21, 2009, respondent filed a motion to dismiss the pending habeas petition on several grounds, including untimeliness, lack of exhaustion, failure to state a federal claim, conclusory pleadings, and procedural default.[3] On October 29, 2009, petitioner filed his opposition to the motion to dismiss.

### DISCUSSION

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728,

---

1. On June 22, 2009, petitioner filed a motion for judicial notice that on April 15, **2009,** the Board denied him parole for three years, effective August 13, 2009. Since this fact is not relevant to the pending case, the Court denies petitioner's request for judicial notice.

2. The petitioner has recently asserted that the pending habeas petition challenges the Board's denial of parole to him following a parole suitability hearing on **May 16, 2008.** *See* Opposition at 1:27–2:4. This contention is clearly specious. Rather, petitioner states on the face of the pending petition that he

exhausted his claims by filing a habeas corpus petition in the California Supreme Court that was denied on **May 14, 2008,** *see* Petition at 4–5—**before** the Board's 2008 decision—and petitioner attaches documents to his petition showing he is challenging the Board's 2005 decision denying him parole, and not any subsequent parole denial.

3. Since the Court finds the petition to be unexhausted, it does not address respondent's other grounds for dismissal.

1731, 144 L.Ed.2d 1 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc). "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations and footnote omitted); *O'Sullivan*, 526 U.S. at 844–45, 119 S.Ct. at 1732. "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

■■■ The exhaustion requirement is satisfied when "the federal claim has been fairly presented to the state courts." *Picard*, 404 U.S. at 275, 92 S.Ct. at 512; *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam). "Fair presentation requires that the petitioner must present 'both the operative facts and the federal legal theory on which his claim is based' " to the state courts. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.2003) (citation omitted); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir.2008). The petitioner "must have 'characterized the claims he raised specifically as federal claims.' " *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir.), *cert. denied*, 546 U.S. 818, 126 S.Ct. 348, 163 L.Ed.2d 58 (2005); *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.2000), *amended by*, 247 F.3d 904 (9th Cir.2001). To do so, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state

cases involving the legal standard for a federal constitutional violation." *Castillo*, 399 F.3d at 999; *Peterson*, 319 F.3d at 1158. However, "[m]ere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo*, 399 F.3d at 999 (citation omitted); *Gray v. Netherland*, 518 U.S. 152, 163, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996). "Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." *Castillo*, 399 F.3d at 999; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999), *cert. denied*, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

Here, the California Supreme Court did not reach the merits of petitioner's claim[4] when it denied his petition for habeas corpus relief with citation to *Duvall*, which stands for the proposition that a petitioner must "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal.4th at 474, 37 Cal.Rptr.2d at 265, 886 P.2d 1252; *Gaston v. Palmer*, 417 F.3d 1030, 1036–37 (9th Cir.2005), *amended by*, 447 F.3d 1165 (9th Cir.2006), *cert. denied*, 549 U.S. 1134, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007). Since petitioner did not attach a copy of the Board's decision to his habeas corpus petition, the Supreme Court's citation to *Duvall* stands for the proposition that the petition was incomplete and an amended petition should be filed; thus, the Supreme Court did not consider the merits of petitioner's claim. *See Howard v. Campbell*, 305 Fed.Appx. 442, 445 (9th Cir.2008) ("In California, a ... *Duvall* dismissal affords the petitioner

---

4. The habeas corpus petition petitioner filed in the California Supreme Court raised only Ground One; it did not raise Ground Two. *See* Lodgment no. 5.

the opportunity to refile an amended pleading that 'allege[s] with sufficient particularity the facts warranting habeas relief.'" (quoting *King v. Roe*, 340 F.3d 821, 823 (9th Cir.2003), *abrogated on other grounds by, Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006))), *cert. denied*, — U.S. —, 129 S.Ct. 2064, 173 L.Ed.2d 1142 (2009); *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (When "claims have not been alleged with sufficient particularity[,]" the "deficiency ... can be cured in a renewed petition."); *Brooks v. Yates*, 2009 WL 2957292, *7 (E.D.Cal.) ("[I]t bears emphasis that the California Supreme Court's citation to *Duvall* did not foreclose Petitioner from re-filing his petition in the California Supreme Court along with additional information, documents, or more specific pleadings that would have permitted that court to address the issue on the merits, thereby exhausting Petitioner's claims."). In other words, by finding petitioner had not set forth the facts supporting his claim with particularity, the California Supreme Court essentially granting a demurrer to petitioner's application for habeas corpus relief. *Gaston*, 417 F.3d at 1038–39; *King v. Roe*, 340 F.3d 821, 823 (9th Cir.2003) (per curiam). Yet, petitioner chose not to refile an amended petition in the California Supreme Court. Thus, petitioner's claims have not been fairly presented to the California Supreme Court for its consideration and have not been exhausted, and the pending petition must be dismissed without prejudice.

### RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) granting respondent's motion to dismiss the petition as unexhausted, and entering Judgment dismissing the petition without prejudice.

DATE: November 9, 2009