NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD L. BASKETT, | No. 08-35213 |
| Petitioner - Appellant, | DC No. CV 07-1020 RSL |
| v. | |
| MAGGIE MILLER-STOUT, | MEMORANDUM [*] |
| Respondent, | |
| and | |
| RONALD VAN BOENING, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted January 14, 2010[**]
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Ronald Baskett appeals the district court's order denying his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court granted Baskett a Certificate of Appealability ("COA") for its finding that six of the nine claims contained in Baskett's habeas petition were not exhausted. We review the district court's dismissal for lack of exhaustion *de novo*. *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc).

Construing the claims raised in Baskett's *pro se* petition broadly, *see Davis v. Silva*, 511 F.3d 1005, 1009-10 (9th Cir. 2008), we conclude that the district court erred in finding that Baskett's first claim was not exhausted. The claim, which raised a due process challenge to the revocation of Baskett's Special Sexual Offender Sentencing Alternative sentence, was presented to the Washington Supreme Court on direct appeal.

Although Baskett's first claim was exhausted, it was also indistinguishable from his second claim, which the district court rightfully rejected on the merits. Baskett was given the opportunity to confront the evidence against him at his revocation hearing and declined to do so, choosing instead to admit the violation and take his chances with the court. In these circumstances, his due process rights were not violated. *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972) ("The parolee

2

must *have an opportunity* to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." (emphasis added)).

The remainder of the claims covered by the COA were not presented to the Washington Supreme Court on direct appeal or through collateral proceedings. In particular, the fact that Baskett attached the Washington Court of Appeals' decision to his motion for discretionary review in the Washington Supreme Court was insufficient to exhaust any claims not raised in the body of his motion for discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004). Accordingly, the district court did not err when it dismissed Baskett's claims for lack of exhaustion.

The rest of Baskett's claims are not colorable. *See Mendez v. Knowles*, 556 F.3d 757, 770-71 (9th Cir. 2009) (stating that to expand a COA, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further"). His request to expand the COA is therefore denied.

**AFFIRMED.**