NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| AARON CASTRO, | ) | No. 09-15740 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 2:04-CV-01652-RLH-RJJ |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| BRIAN WILLIAMS; CATHERINE | ) | |
| CORTEZ MASTO, Esquire, | ) | |
| | ) | |
| Respondents – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted March 9, 2010[**]
San Francisco, California

Before:     FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

Aaron Castro appeals the district court's denial of his petition for habeas

corpus relief.  28 U.S.C. § 2254.  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

(1)     Castro contends that the state trial judge's failure to grant him a continuance violated his constitutional rights and, thus, deprived him of his right to counsel, as a matter of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Richter v. Hickman, 578 F.3d 944, 950–51 (9th Cir. 2009) (en banc).  We disagree.  On this record, no clearly established Supreme Court law required that Castro be granted a continuance; there had been ample time to prepare for the trial[1] and counsel stated that he was ready to proceed.[2]  The fact that Castro wanted more investigation to be conducted, despite counsel's opinion that further investigation was not necessary, does not require us to overturn the decision of the Nevada courts.

(2)     Similarly, we cannot say that the Nevada Supreme Court unreasonably determined that counsel was not ineffective within the meaning of the United States Constitution.  See Strickland v. Washington, 466 U.S. 668, 687–90, 694, 104 S. Ct. 2052, 2064–66, 2068, 80 L. Ed. 2d 674 (1984).  Castro's presentation to that court was not sufficient to require it to determine that counsel's

---

[1]See Morris v. Slappy, 461 U.S. 1, 11–12, 103 S. Ct. 1610, 1616–17, 75 L. Ed. 2d 610 (1983); Ungar v. Sarafite, 376 U.S. 575, 589–90, 84 S. Ct. 841, 849–50, 11 L. Ed. 2d 921 (1964).

[2]See Morris, 461 U.S. at 12, 103 S. Ct. at 1616.

alleged failures[3] were both objectively unreasonable and prejudicial.

(3)    Finally, Castro asserts that the district court erred when it determined that certain of his ineffective assistance of counsel claims had not been exhausted in the state courts.  See 28 U.S.C. § 2254(b)(1)(A); see also Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam); Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).  Again, we disagree.  The district court properly determined that Castro's generalized ineffective assistance of counsel claim before the Nevada Supreme Court was insufficient to encompass the specific claims he now asserts.  Thus, he did not give that court a fair opportunity to consider those claims.  See Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005).  That lapse on his part is fatal to his assertion that the district court erred.

AFFIRMED.

---

[3]Castro alleged failures to communicate, to file additional pretrial motions, and to obtain experts (especially to conduct psychological examinations of the child victims).

3