FILED

JUN 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CECIL PAUL TASBY,

             Petitioner - Appellant,

  v.

RON FRAKES,

             Respondent - Appellee.

No. 11-35178

D.C. No. 2:09-cv-00264-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted March 7, 2013
Seattle, Washington

Before: W. FLETCHER, RAWLINSON, and EBEL,[**] Circuit Judges.

    Petitioner-Appellant Cecil Paul Tasby (Tasby) challenges the district court's

denial of his habeas petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable David M. Ebel, Senior Circuit Judge for the U.S.
Court of Appeals for the Tenth Circuit, sitting by designation.

1.     We express hesitation over whether Tasby's petition fairly presented his federal claims to the Washington Supreme Court. A habeas petition must reference specific federal guarantees and state facts underlying the claims. *See Gentry v. Sinclair*, 705 F.3d 884, 897 (9th Cir. 2013). A federal claim may be "raised in the petition itself, an accompanying brief, or another similar document filed with that court." *Id.* (citations and internal quotation marks omitted).

Tasby's petition states four federal claims: "(1) Ineffective Assistance of Counsel; (2) Prosecutorial Misconduct; (3) Rules of Evidence; [and] (4) Federal Confrontation Clause," but relies on the attached Washington Court of Appeal's opinion to state the facts underlying his claims. Although *pro se* petitions are "held to a more lenient standard than counseled petitions," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), we nevertheless harbor doubt over whether attaching a state court decision to a petition suffices to fairly present facts underlying a petitioner's federal claims.

2.     Notwithstanding exhaustion, the state court did not unreasonably conclude that the prosecutor's misconduct constituted harmless error. While the prosecutor improperly cross-examined Tasby on the veracity of some of the state's witnesses, Tasby's conviction rested on a plethora of other evidence. *See United*

*States v. Moreland*, 622 F.3d 1147, 1160-61 (9th Cir. 2008) (improper cross-examination was harmless given the numerous other witnesses who bolstered the government's case). Similarly, although the prosecutor improperly vouched for Cherity Phelps's veracity, the misconduct did not materially affect the fairness of Tasby's trial because Phelps's testimony was not critical to the state's case. *See United States v. Stinson*, 647 F.3d 1196, 1212-13 (9th Cir. 2011) (holding that vouching was harmless error given the significance of the government's other evidence).

Nor did the state court unreasonably characterize as "not improper" the prosecutor's comments about a missing witness. *See United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993) ("A prosecutor is entitled to comment on a defendant's failure to present witnesses so long as it is not phrased to call attention to the defendant's own failure to testify. . . .") (citation omitted).

Finally, the state court's conclusion was reasonable that the prosecutor did not impermissibly comment on Tasby's right to remain silent. *See United States v. Williams*, 990 F.2d 507, 510 (9th Cir. 1993) (holding that defendant's "right not to testify was not implicated byecause he did in fact testify at trial").

**3.** The state court did not unreasonably conclude that the Confrontation Clause violation was harmless. Detective Burbridge's testimony that Tasby's pretrial counsel confirmed the veracity of the detective's report was testimonial hearsay, but it merely corroborated the detective's own recollection of Tasby's admission. Other circumstantial evidence also suggested that Tasby knew that Ramey had informed the police of his involvement in the robbery. Accordingly, the Confrontation Clause violation was harmless because it did not implicate the verdict. *See Merolillo v. Yates*, 663 F.3d 444, 454 (9th Cir. 2011) ("Habeas relief is warranted only if the [constitutional] error had a substantial and injurious effect or influence in determining the jury's verdict. . . .").

**4.** The state court did not unreasonably apply *Strickland* in denying Tasby's IAC claim. Because the prosecutorial misconduct and Confrontation Clause violation were harmless errors, the failure of Tasby's counsel to object to these violations did not cause prejudice. *See Carrera v. Ayers*, 699 F.3d 1104, 1111 (9th Cir. 2012) (denying habeas relief where defendant failed to establish that counsel's failure to object to the prosecutor's peremptory strikes caused prejudice).

**5.** Tasby failed to exhaust his cumulative error claim, as the district court neither considered nor certified the claim, and it was not set forth in his petition to the Washington Supreme Court. *See Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) (district court properly denied habeas petition where petitioner failed to exhaust his cumulative error claim).

Nevertheless, given the overwhelming evidence underlying Tasby's convictions, the prosecutorial misconduct, coupled with the Confrontation Clause violation, do not amount to a due process violation. *Cf. Parle v. Runnels*, 505 F.3d 922, 930 (9th Cir. 2007) (noting that habeas relief was warranted because cumulative error of individual constitutional errors significantly compromised the defense).

**AFFIRMED.**