

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE A. RICO,

              Petitioner - Appellant,

v.

CLARK E. DUCART, Acting Warden,

              Respondent - Appellee.

No. 14-15657

D.C. No. 3:12-cv-06127-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and MORRIS,[**] District
Judge.

      Jorge Rico appeals the denial of his petition for a writ of habeas corpus. Rico

argues that extrinsic evidence contributed to the jury's verdict against him, that the

trial court deprived him of counsel at a critical stage of his trial, and that he was

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Brian M. Morris, District Judge for the U.S. District
Court for the District of Montana, sitting by designation.

entitled to an evidentiary hearing in the district court. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

**1.** Rico is not entitled to habeas relief on his extrinsic-evidence claim. Rico argues that under *Smith v. Phillips*, 455 U.S. 209, 215 (1982), he was entitled to an evidentiary hearing in the state courts and that absent such a hearing, the state courts' fact-finding process was unreasonable. *See* 28 U.S.C. § 2254(d)(2). But the trial court *did* hold a hearing, at which Rico's co-defendant's counsel presented evidence of juror bias and requested a *second* evidentiary hearing. The trial court considered the evidence presented, weighed it against the other evidence in the case, and determined that there was no reasonable likelihood of actual prejudice. The hearing held by the trial court may not have been to Rico's satisfaction, but it was not an unreasonable determination of the facts.[1] *Cf. Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012).

Nor was the state appellate court's analysis of Rico's extrinsic-evidence claim unreasonable under § 2254(d)(1). The state court cited the correct federal standard: that "[t]he government has the burden of showing beyond a reasonable doubt that extrinsic evidence did not contribute to the verdict." *See Xiong v. Felker*,

---

[1] In any case, Rico was able to submit additional evidence, such as a sworn declaration from the jury foreperson, with his state habeas petition.

681 F.3d 1067, 1077 (9th Cir. 2012); *United States v. Keating*, 147 F.3d 895, 902 (9th Cir. 1998). It then observed that the jury was properly presented with evidence that Rico was an active gang member and had previously been convicted for a violent gang-related felony. Moreover, before deliberations, the trial court admonished the jury not to consider Rico's prior conviction for any purpose other than to prove his felon-in-possession charge. The state court concluded from these facts that, beyond a reasonable doubt, the sole additional detail in the extrinsic evidence—that Rico's prior conviction was for assault with a deadly weapon—did not contribute to the jury's verdict.[2] This conclusion was not unreasonable.

**2.** In his opening brief before this court, Rico argues that by failing to alert his attorney when the jury asked for instructions regarding the verdict form, the trial court deprived him of counsel at a critical stage in violation of his Sixth Amendment right to a fair trial. Whether or not he is correct, *cf. Musladin v. Lamarque*, 555 F.3d 830, 842-43 (9th Cir. 2009), Rico is not entitled to relief because he failed to exhaust his state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

---

[2]The state court did not cite and apply the ten-factor test this Court has previously enunciated to determine whether extrinsic evidence was harmless, *see Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000), but those factors are not "clearly established Federal law, as determined by the Supreme Court." *See* § 2254(d); *Renico v. Lett*, 559 U.S. 766, 779 (2010) (holding that a state court was not obligated to employ a three-part test enunciated by the circuit court, because those factors were not clearly established by Supreme Court precedent).

Although Rico has consistently provided the operative facts underlying his claim, he failed to "describe in the state proceedings . . . the federal legal theory on which his claim is based." *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)). In his state appeal and state habeas petitions, Rico neither asserted that he was deprived of counsel at a critical stage nor cited any authority relevant to such claims. He argued only that he was prejudiced by the extrinsic evidence. Rico therefore forfeited his deprivation-of-counsel claim.

**3.** Rico also appeals the district court's decision not to hold an evidentiary hearing on his habeas petition. We review for an abuse of discretion. *See Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2002). Rico sought an evidentiary hearing from the California Court of Appeal and did not receive one, and therefore he was entitled to an evidentiary hearing on federal habeas review if he alleged facts that, if proven, would entitle him to relief. *See Perez v. Rosario*, 459 F.3d 943, 954 n.5 (9th Cir. 2006) (quoting *Horton v. Mayle*, 408 F.3d 570, 582 n.6 (9th Cir. 2005)). Rico alleged no facts whatsoever. The district court therefore did not abuse its discretion in denying him an evidentiary hearing.

**AFFIRMED.**