**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONZA A. PHILLIPS,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>MARTIN BITER, Warden,<br><br>　　　　Respondent - Appellee. | No. 13-17514<br><br>D.C. No. 3:11-cv-04707-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 15, 2016[**]
San Francisco, California

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

　　Alfonza Phillips appeals the district court's denial of his habeas corpus

petition.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

The state appellate court's rejection of Phillips's argument that Flood's in-court identification of Phillips was unreliable was not contrary to clearly established Supreme Court precedent or an unreasonable determination of the facts. The state appellate court could reasonably determine that Flood's identification of Phillips was reliable because Flood had a good opportunity to view the shooter at the time of the crime, reported a high degree of attention, gave a fairly accurate description, and was fairly certain of his identification at the time of the confrontation. *See Neil v. Biggers*, 409 U.S. 188, 199–200 (1972); *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).

Phillips did not exhaust his ineffective assistance of counsel claim because he did not identify in state court the operative facts on which he bases his claim that his Sixth Amendment rights were violated. *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). We reject Phillips's request for a stay and abeyance because he cannot show "good cause for [his] failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Phillips claims that the trial court violated the Confrontation Clause by declining to reopen the case for further cross-examination of Longmire in light of a newspaper article discussing a personal relationship between Longmire and Antar Bey's younger brother. The state appellate court's rejection of this claim was not

2

an unreasonable application of Supreme Court precedent given that Longmire's role in the case was limited to his participation in interviewing two witnesses. *Delaware v. Van Arsdall*, 475 U.S. 673, 678–79 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."). We also grant the motion to strike the newspaper article from the record because it was not part of the record in the district court.

**AFFIRMED.**