**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD VINCENT RAY, Jr.,

               Petitioner - Appellant,

v.

JEFFREY A. BEARD,

               Respondent - Appellee.

No. 14-15607

D.C. No. 4:10-cv-01582-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 6, 2016
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and GARBIS,<sup>***</sup> Senior District Judge.

Edward Vincent Ray, Jr. appeals from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Ray contends that the admission of his codefendant's confession violated the Confrontation Clause because the confession did not redact all references to Ray. We review the district court's denial of habeas relief de novo. *Murdaugh v. Ryan*, 724 F.3d 1104, 1113 (9th Cir. 2013).

As a preliminary matter, we agree with Ray that his Confrontation Clause claim is exhausted. Ray does not offer any evidence beyond that contained in the state court record, and his arguments before the state courts set forth the operative facts necessary to establish the legal basis of his claim. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Davis v. Silva*, 511 F.3d 1005, 1009-11 (9th Cir. 2008).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34 (a) (2).

[***] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

We also agree that the California Court of Appeal's factual finding underlying the rejection of the Confrontation Clause claim was unreasonable, *see* 28 U.S.C. § 2254(d)(2), and that the admission of the improperly redacted confession constituted an error pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). Contrary to the California Court of Appeal's finding, the confession contained two direct references to Ray and at least one reference was incriminating. *See Bruton*, 391 U.S. at 130-37; *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) (applying section 2254(d)(2)).

Nevertheless, we affirm the district court's denial of relief because the *Bruton* error was harmless in light of the strength of the prosecution's case. *See Whelchel v. Washington*, 232 F.3d 1197, 1206 (9th Cir. 2000). Not only was the confession's brief reference to Ray cumulative of Larry Carrington's more incriminating testimony, but the prosecution also introduced Ray's self-incriminating statements, witness testimony connecting Ray directly to eight robberies, and circumstantial evidence, including surveillance video, connecting Ray to the other robberies. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

We decline to expand the certificate of appealability.

**AFFIRMED.**

14-15607