**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT DWAYNE HARVEY,

                 Petitioner-Appellant,

   v.

JERI TAYLOR,

                 Respondent-Appellee.

No.   15-35998

D.C. No. 2:13-cv-01425-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 6, 2017[**]
Portland, Oregon

Before: FISHER and FRIEDLAND, Circuit Judges, and MAHAN,[***] District
Judge.

     Petitioner-Appellant Robert Harvey appeals the district court's denial of his

habeas petition challenging his state conviction on four counts of first-degree

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

sexual abuse and one count of first-degree unlawful sexual penetration. Harvey seeks relief pursuant to 28 U.S.C. § 2254(d)(1), arguing that the Oregon Circuit Court's denial of post-conviction relief was unreasonable. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review a district court's decision to grant or deny a petition for a writ of habeas corpus *de novo*. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). As applied here, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prevents a federal court from providing post-conviction relief from a state court decision "adjudicated on the merits" unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011).

An unreasonable application of law under AEDPA requires more than "clear error." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Instead, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.* The reasonableness of a state court's decision is evaluated with respect to contemporaneous Supreme Court precedent and the record before it. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

As this court has held, "[a] Supreme Court precedent is not clearly established law under § 2254(d)(1) unless it squarely addresses the issue in the

2

case before the state court or establish[es] a legal principle that clearly extends to the case before the state court." *Andrews v. Davis*, 798 F.3d 759, 773 (9th Cir. 2015) (alteration in original) (citations and internal quotation marks omitted). Furthermore, "[i]f a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision." *Id.* (quoting *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014)). Indeed, AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents. It goes no further." *Richter,* 562 U.S. at 102.

Under this standard of review, we hold that Harvey has failed to produce Supreme Court precedent illustrating that the Oregon Circuit Court's decision to deny his petition for post-conviction relief was unreasonable.[1] Harvey has cited cases that are outside of Supreme Court jurisprudence or are distinguishable from

---

[1] We examine the Oregon Circuit Court's denial of Harvey's petition for post-conviction relief because it is "the last reasoned state-court decision." *See Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) ("When a state court does not explain the reason for its decision, we 'look through' to the last state-court decision that provides a reasoned explanation capable of review.").

the instant case because they did not apply AEDPA, involved dissimilar facts, or considered extraneous legal questions.[2]

Moreover, defense counsel reasonably investigated and decided against calling an expert on the reliability of child memory. Indeed, counsel consulted an expert, who stated she had "nothing to contribute that would be helpful to the defense." Based on this consultation, counsel reasonably decided to attack the state's expert through cross-examination, rather than by calling an expert of her own. *See Richter*, 562 U.S. at 111 ("*Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense. In many instances cross-examination will be sufficient."). Therefore, Harvey's appeal fails. *See Woodall*, 134 S. Ct. at 1706.

**AFFIRMED.**

---

[2] To the extent that petitioner-appellant seeks also to challenge his conviction based upon the lack of an expert medical witness's comparison of the victim's physical exam results to her memory, we hold that this ground is unexhausted because he has not fairly presented that issue to the Oregon courts. *See Davis v. Silva*, 511 F.3d 1005, 1008–10 (9th Cir. 2008).