**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN E. PUTNAM,

         Petitioner-Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF CALIFORNIA,

         Respondent-Appellee.

No. 18-15346

D.C. No. 2:17-cv-00832-GEB-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted January 21, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,[**]
District Judge.

On April 2, 2017, Stephen Putnam ("Petitioner") filed a § 2254 petition in

the Eastern District of California that contained only unexhausted claims.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Petitioner's § 2254 petition alleged: (I) insufficient evidence, (II) ineffective assistance of trial counsel, (III) prosecutorial misconduct, and (IV) ineffective assistance of appellate counsel. Petitioner requested a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), but the district court denied Petitioner's motion. Reviewing the district court's decision for abuse of discretion, *id.* at 279, we affirm because Petitioner did not show good cause for his failure to exhaust state court remedies.

Petitioner raised Claims I, II, and IV in his post-conviction petition in the California Superior Court before raising them in his § 2254 petition. After the state trial court denied those claims, Petitioner could have filed a petition with the California Supreme Court—with precisely the same arguments—which would have exhausted the claims. *See Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (citing *Weaver v. Thompson*, 197 F.3d 359, 365 (9th Cir. 1999)). Petitioner did not do so and has not provided a reasonable explanation for that failure.

Claim III, on the other hand, was not raised in state habeas proceedings. However, the factual and legal predicate for the claim necessarily existed at least as early as April 2016, when Petitioner's direct appeal was filed. Therefore, Claim III, like the others, could have been presented to the California Supreme Court prior to the filing of Petitioner's § 2254 claim, but it was not.

Before filing his federal petition, the Petitioner could easily have instead submitted his arguments to the California Supreme Court, which would have exhausted his claims. The explanations offered by Petitioner for his failure to present his claims to the California Supreme Court do not withstand scrutiny. The district court did not abuse its discretion in denying a stay and abeyance under *Rhines*.

**AFFIRMED.**